# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | CASE NO. 8:11CR390 and |
|---|---|---|
| Plaintiff, | ) | CASE NO. 8:12CR15 |
| vs. | ) | |
| | ) | AMENDED TENTATIVE FINDINGS |
| GEORGE HENRY, | ) | |
| Defendant. | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR"), the government's objections (8:11CR390, Filing No. 46; 8:12CR15, Filing No. 88), and the Defendant's objections (8:11CR390, Filing No. 45; Filing No. 87). The Defendant also objected to the original Tentative Findings (8:11CR390, Filing No. 49; 8:12CR15, Filing No. 92). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to ¶¶ 47, 53, 54, 60-71, 87, 119, 120, and 133. The objections to ¶¶ 47, 53, 54, 87, and 120 are denied because, according to the Addendum, they were not raised initially before the Probation Officer as required under ¶ 6 of the Order on Sentencing Schedule. Additionally, the Court notes that many of those objections do not affect the sentencing guideline range. It appears that the objections to ¶¶ 60-71 were raised.[1]

---

[1] The Addendum to the PSR reflects objections to ¶¶ 59-72 in the initial draft of the PSR. Counsel is advised that the Court does not receive the initial drafts of PSRs and therefore is unable to compare the reports.

It appears that the Defendant objects to the general guideline calculation by objecting to ¶ 119. Also, the objection to ¶ 133 is apparently an objection to the amount of restitution.

The government objects to the cross-reference from U.S.S.G. § 2B1.1 to U.S.S.G. § 2K2.1, arguing: the application is contrary to the nonbinding guideline calculations in the plea agreement in 8:12CR15; application of the cross-reference overstates the seriousness of the offense; and the cross-reference was not applied to the other three codefendants.

The parties agreed on a guideline application in 8:11CR390 in the plea agreement, but not in the plea agreement in 8:12CR15. It appears that many of the parties' objections are similar. The cases of the three codefendants are assigned to U.S. District Judge Joseph F. Bataillon, and therefore this Court is not familiar with their cases. The Court will withhold tentative findings with respect to the PSR, and the remaining issues remaining the correct guideline application will be heard at sentencing. Also, the Court will hear the Defendant's objection to the amount of restitution; the government has the burden of proof with respect to this issue.

IT IS ORDERED:

1. The government's objections (8:11CR390, Filing No. 46; 8:12CR15, Filing No. 88) to the PSR will be heard at sentencing;

2. The Defendant's objections (8:11CR390, Filing No. 45; Filing No. 87) to ¶¶ 60-71, 119 and 133 of the PSR will be heard at sentencing;

3. The Defendant's objections (Filing No. 87) to ¶¶ 47, 53, 54, 87, and 120 are denied;

4. If **any** party wishes to challenge these amended tentative findings, the party may do so orally at sentencing;

5. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 21st day of June, 2012.

BY THE COURT:

S/ Laurie Smith Camp
Chief United States District Judge